OPINION of the Court, by
Judge Bibb.
— Allen had judgment against Richards, in an action of debt on a single bill, to which judgment Richards prosecuted this writ of error, which since his death has been revi-yed by his administrator.
The following points are made by the assignment of errors:
To an action of debt the de • fendant pleads, that the plaintiff, in combination with others, impofed a watch upon him to bet ; that they took advantage of his intoxication, marked the cards, and cheated him of the watch j that the plaintiff knowing the premises, and being in combination with the cheators, 4.00k the note in the declaration set forth in consideration of the watch} plaintiff replies by protestation fa-, ■ving that the note was given for a watch intended to be bet, &c. and Traverses ths :heating and combination, and of this he puts himself upon the coun-.ry and the defendant likewise } upon which there was verdict & udgment for laintiff.
The fact in-:uded in the ¡'oteilation, is Imittedinthat it } but the vty protefling is not precluded from traversing the fact in any other cause.
*190 1st. That the writ was returned to the first, instead of the third day of the term of the circuit court.
2d. “ That the cause was continued at the defendant’s, costs contrary to law ; inasmuch as the defendant had. not appeared when said order was made.”
3d. That the action should have been brought in ⅛⅛ name of the endorsee.
4th. That the issue was immaterial.
The objection made to the writ, is but matter of abatement ; and therefore came too late by way of motion, in arrest of judgment ; it could only have availed the defendant in the writ, by a plea in apt time.
The second question arises out of a strained and mistaken construction of the record. The manner in which, the clerk has certified in that respect is very informal, but yet is sufficient to shew, that the defendant had obtained a continuance whilst the cause remained upon the award of a vorit of enquiry.
On the 3d question it is sufficient to say, that it does, not appear by the record, that the obligation had been assigned or endorsed over to any person other than the plaintiff' in the action.
The 4th question arises out of the plea and replication ; andwillbe the better understood by a succinct statement of each. The plea alleges that the obligation was given in consideration of a watch, imposed upon the said obligor when his mind was disordered by intoxication, and for the purpose ofbettingata gamingtable ; in which situation the persons with whom he played, not only took advantage of the defendant’s intoxication, but marked the cards, and cheated him of the watch aforesaid ; that the plaintiff well knowing the premises, and being in combination with said party to cheat and defraud the defendant, lent him the said watch, which the defendant lost, and therefore gave the said note or obligation.
The plaintiff replied, “ saving by protestation, that the aforesaid note or bond was given by the said defendant for a watch intended to be bet, &c. when the defendant was playing, &c. and in a state of intoxication,” and traversed the combination and cheating charged iss. the plea ; moreover that he “ did not himself, or in combination with others, cheat or defraud the said defendant out of the watch aforesaid, which the said plaintiff *191 fold to said defendant, &c.” and this he prays may be enquired of by the country, and the defendant likewise.”
The issue joined was immaterial } the plaintiff could not have judgment until he had traversed and avoided the taking of the note fora watch knowingly lent to bet.
The plea Was double, and the plaintiff might have demurred to it for dupli«: city.
But when he replied, inftead of demurring, he was bound to reply to both the matters of deience contained in tlhs plea,
The plea and replication may be declared to be, each sui generis. Through the chaos and confusion in which they are encircled, it is discernable however that the issue, if it can b« so called, is immaterial. Although one of the component parts of the plea has been found against the defendant below, yet another component part, constituting an answer of itself to the declaration, is unreplied to, except by protestation. This leads us to enquire whether, (as the plaintiff in the action below seems to suppose,) the one defence in the plea, was put to sleep and avoided, by his protestation against it, and his replication to the other defence.
Lord Coke, in his commentary on Lyttleton, (folio 124,) defines a protestation to be the exclusion of a conclusion. He illustrates it by putting the case that a villein impleadeth his lord in some action, real, personal or mixed, who notwithstanding, pleadeth to the gist of the action,protestando the plaintiff is his villein, instead of pleading the villeinage in bar. If the issue be found for the lord, the plaintiff is his villein still. But if the said issue had been joined without the said protestation, the villein would have been thereby enfranchised. Because in that latter case, the lord having admitted him to sue, as a freeman, would afterwards be estopped from saying he was his villein, who as such was incapable of having such action against his lord. That is to say, the protestation has excluded the conclusion of law, which would otherwise have arisen in favor of the plaintiff. But if in such case the issue be found against the lord, the same author tells us, (folio 126) that the villein is enfranchised, the protestation notwithstanding ; because the lord should have in the beginning pleaded the villeinage in bar. In Jacob’s Law Dictionary, title protestation, many strong and forcible illustrations are given, and the, doctrine more fully explained ; and yet more fully, in Bacon’s Abrid. Guil. E. title pleas and pleadings, in a note on the subject of traverse.
The result is this that although the party protesting, thereby saves himself from being concluded in another suit, from traversing the fact alleged in that, and not traversed or denied, but noticed only protestando, yet in that suit the party cannot by his protestation, put his *192 adversary to prove the fact, bat the court must, for the time, take it as admitted.
In the present case, although the plaintiff below, may by protestation have saved himself from being estopped in any future controversy between the same parties, from denying that he had lent * the watch to said Rich ards to bet at a gaming table when intoxicated, and had taken his note, ⅞c. yet he has by no means saved himself from being required to reply to it, by a direct traverse and denial, or by some matter in avoidance, before he can be entitled to judgment. It is true the plea was double, and for that the plaintiffin the action might have demurred. But when he undertook to reply, he was bound to reply to both matters of defence in the plea contained. It was immaterial whether the matter upon which he joined issue was true or false, if the other matter of defence was unanswered or admitted. The issue was immaterial ; for although that was found for the plaintiff, yet whether the defendant was bound to pay the note or obligation, depends upon the decision of the other point in the defence. But if either was found for the defendant in the action, the-plaintiff would have been barred.
It is therefore considered by the court, that the judg* xnent aforesaid of the circuit court of Scott, be reversed, set aside and annulled ; the cause is remanded to the said court, that the parties may replead.

 The ftatule avoids all promises, agreements, notes, bills, bond» or olke? contraéis, judgments, mortgages or other securities or conveyances, where the tuboky or any party of the consideration (hall be for money or other valiw able thing, won, laid, or betted at any game, wager, sport or pastime whate* ver, or knowingly lent or advancfed to any person so gaming, betting or wagering*